UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIRAN ZORELLA,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | Case No. 5:26-cv-06437-SSC<br><br>MEMORANDUM AND ORDER |

An Israeli citizen who overstayed his visa has filed a petition for writ of habeas corpus challenging his detention without pre-deprivation notice and hearing and his arrest without a warrant. The Court denied Petitioner's *ex parte* application for a temporary restraining order, finding that Petitioner has not shown a likelihood of success on the merits nor raised serious questions going to the merits. Based on the reasoning in the Court's order denying the temporary restraining order, the petition itself is denied.

**I**

On October 29, 2026, Petitioner Liran Zorella filed a counseled petition for writ of habeas corpus by a person in federal custody pursuant to 28 U.S.C. § 2241. (ECF 1.) Petitioner is an Israeli citizen currently detained by Immigration and Customs Enforcement (ICE) at

the Adelanto ICE Processing Center in Adelanto, California. (*Id.* at 2, 4.)

Along with the petition, Petitioner filed an *ex parte* application for a temporary restraining order (TRO). (ECF 4.) On November 4, 2026, the Court denied the application for a TRO finding that Petitioner has failed to show a likelihood of success on the merits on all of his claims, and further that he has not shown that he is likely to suffer irreparable harm. (ECF 15 at 5–12, 12–13 n.5.) The facts relevant here were set forth in the Court's order denying the TRO. (ECF 15 at 1–4.)

Petitioner alleges that his due process rights were violated when he was detained without pre-deprivation notice and hearing, and without an initial custody determination as required by 8 C.F.R. § 236.1(c)(8) and § 287.3(d). (ECF 1 at 2–3, 6–11.) He further alleges a warrantless arrest in violation of 8 U.S.C. § 1357(a)(2) and an injunction imposed in a separate lawsuit. (*Id.*) Petitioner seeks release. (*Id.* at 11.)

On November 6, 2026, Respondents filed an answer. (ECF 16.) Respondents provide that Petitioner was served with a I-200 warrant on the day of his arrest. (*Id.* at 3.) Copies of the warrant, the Form I-213, and the Form I-286 are attached to Respondents' answer. (ECF 16-1; ECF 16-2; ECF 16-3.) Respondents assert that to the extent Petitioner has not requested a bond hearing, Petitioner has not exhausted his administrative remedies. (ECF 16 at 5.) The next day, Petitioner filed a traverse. (ECF 18.)

On November 11, 2026, Petitioner filed an application for reconsideration of the Court's November 4, 2026, order denying Petitioner's application for a TRO. (ECF 19.) Petitioner's application

for reconsideration is denied as moot based on the ruling on the petition herein.

The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15.

**II**

Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). The writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).

**III**

As a threshold matter, the Court addresses exhaustion. Respondents argue that Petitioner appears to be entitled to request and receive an initial bond hearing pursuant to *Rodriguez Vazquez*, and that "to the extent Petitioner has not yet requested such a bond hearing[,]" Petitioner has not exhausted his available administrative remedies. (ECF 16 at 5.) Petitioner argues that the relief he seeks, namely, "redress for violations of due process and of regulations designed to protect due process rights[,]" cannot be provided through a bond hearing. (ECF 18 at 7–8.)

Although exhaustion is not statutorily mandated under § 2241, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief[.]" *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). Petitioner's claims, however, attack the process and fact of his initial detention. *See Wang v. Reno,* 81 F.3d 808, 814 n.7, 815 (9th Cir. 1996)

("By adjudicating [the petitioner's] constitutional claim, over which the INS lacks jurisdiction, the court neither forfeited the benefit of INS expertise, nor deprived the INS of the opportunity to correct its own mistakes[.]"); *see also Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (explaining that while 8 U.S.C. § 1226(e) precludes jurisdiction over claims challenging an immigration judge's determination, that provision does not preclude "habeas jurisdiction over constitutional claims or questions of law" (quoting *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011))). Accordingly, the Court denies the petition on the merits as explained below.

**IV**

The Court first addresses Petitioner's argument that his detention without a pre-deprivation hearing violates the Due Process Clause of the Fifth Amendment. (ECF 1 at 6–7.)

As the Court explained in its order denying Petitioner's TRO, Petitioner, having overstayed his nonimmigrant visa does not have a conditional liberty interest protected by the Due Process Clause. (ECF 15 at 8.) *See, e.g.*, *Melkumyan v. Semaia*, No. 5:26-cv-03019-MBK, 2026 WL 1772761, at *2 (C.D. Cal. June 16, 2026) (denying procedural due process claim of individual who overstayed his visa).

Petitioner's traverse argues that his prior status as a conditional permanent residence, which status has been terminated, gives him a heightened liberty interest and a right to pre-deprivation process. (ECF 18 at 3.) The Court disagrees.

Petitioner cites distinguishable cases. (*Id.*) In *Ruiz v. Warden Cal. City Detention Ctr.*, though the petitioner's conditional permanent resident status was terminated, the court found a protected liberty interest based on the petitioner's prior release on bond. No. 1:26-cv-

07132 DAD SCR, 2026 WL 2906591, at *1, *3 (E.D. Cal. Sep. 28, 2026), *report and recommendation adopted,* 2026 WL 3084456 (E.D. Cal. Oct. 15, 2026) ("Petitioner's prior release on $4,000 bond pursuant to § 1226(a) created a protected liberty interest[.]"). And in *Campbell v. Warden Adelanto Ice Processing Ctr.*, the petitioner's permanent resident status was terminated because he failed to timely file the petition to remove his "conditions on residence[.]" No. EDCV 26-02397-KK-MARx, 2026 WL 1772802, at *1, *4 (C.D. Cal. June 2, 2026) ("While [petitioner's permanent resident] status was terminated upon [his] failure to file a petition to remove the conditional grant . . . this failure does not extinguish his liberty interest[.]"). Further, the court noted that petitioner and his fiancé were in the process of pursuing a I-130 petition to formalize their marriage. *Id.* at *4.

No such circumstances are present here. Petitioner was not released on bond. And unlike in *Campbell*, here, Petitioner filed two petitions to remove his conditions on residence, both of which were denied. (ECF 1 at 5; ECF 13-1 at 4.) Indeed, Petitioner's status was adjusted to conditional permanent resident based on his marriage to a U.S. citizen which ended in divorce. (ECF 1 at 5.) Further, after removal proceedings were again initiated in 2026, Petitioner was arrested and charged with grand theft in violation of California Penal Code 487(A). (ECF 4 at 5; ECF 13 at 2.)

Accordingly, for the reasons above and those stated in the Court's order denying the TRO application, Petitioner's due process claim fails.

**V**

Petitioner's warrantless arrest claim also fails Petitioner argues that he was arrested without a warrant in violation of 8 U.S.C. § 1357(a)(2) and an injunction imposed in *Vasquez Perdomo v. Mullin*,

No. 2:25-cv-05606-MEMF-SP, 2026 WL 2751388 (C.D. Cal. Sep. 2, 2026). (ECF 1 at 7–9.)

As the Court explained in its November 4, 2026 order, Petitioner was arrested pursuant to a warrant. (ECF 15 at 9–10.) Thus, Petitioner's warrantless arrest claim fails.

**VI**

Petitioner also asserts that Respondents failed to make an initial custody determination in violation 8 C.F.R. § 236.1(c)(8) and § 287.3(d). (ECF 4 at 9–11.)

The Court ordered Respondents to submit a copy of the I-286 Initial Custody Determination or any other document indicating that they conducted an initial custody determination upon Petitioner's arrest (ECF 15 at 13) and they did (ECF 16-3 at 2). The I-286 provides that Respondents conducted an initial custody determination on October 29, 2026. (ECF 16-3 at 2.) Accordingly, Petitioner has failed to show that Respondents failed to make an initial custody determination and his claim fails.

**ORDER**

For the reasons set forth above, **IT IS ORDERED** that Judgment shall be entered (1) denying the petition; and (2) denying Petitioner's Application for Reconsideration (ECF 19) as moot.

DATED: November 20, 2026

HONORABLE STEPHANIE S. CHRISTENSEN
UNITED STATES MAGISTRATE JUDGE